Filed 3/10/21  P. v. Barbarin CA4/2

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

THE PEOPLE,

    Plaintiff and Respondent,

v.

RICARDO ESTRADA BARBARIN,

    Defendant and Appellant.

E074944

(Super.Ct.No. RIF145530)

OPINION

APPEAL from the Superior Court of Riverside County.  David A. Gunn, Judge. Affirmed with directions.

Ricardo Estrada Barbarian, in pro. per.; Sharon G. Wrubel, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant, Ricardo Estrada Barbarin, filed a petition for resentencing pursuant to Penal Code section 1170.95,[1] which the court dismissed.  After

---

[1]  All further statutory references are to the Penal Code unless otherwise indicated.

1

defense counsel filed a notice of appeal, this court appointed counsel to represent defendant.

Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case and identifying two potentially arguable issues: whether a true finding on a firearm enhancement under section 12022.53, subdivision (c), precludes relief under section 1170.95, as the enhancement does not mean defendant killed the victim, and whether any recent retroactive sentencing legislation applies to an appeal from an adverse decision under section 1170.95. Defendant was offered the opportunity to file a personal supplemental brief, which he has done. Defendant contends he made a prima facie showing that the jury convicted him under a theory of the felony-murder rule or murder under the natural and probable consequences doctrine such that he is entitled to relief under section 1170.95. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND[2]

"At trial, the primary disputed issue was whether defendant was one of two men who shot at a group of African-Americans, including 13-year-old Anthony Sweat, while the group was sitting on two adjoining porches on the evening of July 14, 2002, in an area of Riverside claimed by the East Side Riva (ESR) criminal street gang. At the time

---

[2] Pursuant to defense counsel's request, we took judicial notice of our nonpublished opinions in defendant's prior appeals: *People v. Barbarin* (Feb 7, 2014, E055565) and *People v. Barbarin* (Aug. 7, 2015, E061433). Likewise, pursuant to defense counsel's motion, we augmented the record to include the jury instructions and written verdicts from case No. E055565.

of the shooting, defendant was a documented and self-admitted ESR member." (*People v. Barbarin*, *supra*, E055565.) The People adduced both direct and circumstantial evidence, including DNA evidence, placing defendant at the scene of the murder and suggesting he had a motive for the killing. (*Ibid.*)

The court instructed the jury with CALCRIM No. 520 (first or second degree murder with malice aforethought) and CALCRIM No. 521 (first degree murder). The court did not instruct the jury on the felony-murder rule or another theory of first degree murder. (*People v. Barbarin*, *supra*, E055565.)

The jury found defendant guilty as charged of first degree murder while actively participating in a criminal street gang (§§ 189, 190.2, subd. (a)(22)) and the premeditated attempted murders of four additional victims (§§ 664, 187, subd. (a)). (*People v. Barbarin*, *supra*, E055565.) The jury also found that defendant had committed each crime for the benefit of a criminal street gang (§ 186.22, subd. (b)), he had personally discharged a firearm in each crime (§ 12022.53, subd. (c)), he was a principal (§ 12022.53, subd. (d)), and that at least one principal personally and intentionally discharged a firearm proximately causing great bodily injury or death to another person not an accomplice (§ 12022.53, subd. (e)). Defendant admitted one prior strike conviction (§§ 667, subds (a)-(i)), one prior serious felony conviction (§ 667, subd (a)), and one prior prison term (§ 667.5, subd. (b)). (*People v. Barbarin*, *supra*, E055565.)

On denying defendant's motion for retrial, the court found sufficient evidence to sustain the guilty verdicts and true findings by the jury. The court sentenced defendant to life without the possibility of parole for the murder, plus 120 years to life for the gang-

3

related attempted murders, plus 106 years based on the personal discharge of a firearm, prior serious felony conviction, and prison prior term enhancements. (*People v. Barbarin*, *supra*, E055565.)

On appeal, defendant claimed there was insufficient evidence he was one of the shooters. This court affirmed, holding that substantial evidence showed defendant was one of the shooters; thus, supporting his murder and attempted murder convictions. (*People v. Barbarin*, *supra*, E055565.)

On August 13, 2019, defendant filed a petition for resentencing pursuant to section 1170.95, asserting he had been convicted of first degree murder pursuant to the felony-murder rule or the natural and probable consequences doctrine. The People filed opposition, to which defense counsel filed a reply.

At the hearing on the petition on February 28, 2020, the People argued: "We'd also like to make a motion to dismiss this petition. This resentencing process applies to cases where the defendant was convicted based on natural and probable consequences of felony murder. [¶] According to the instructions in the record, no such instructions were given on natural and probable consequences of felony murder."

The People continued: "The Appellate opinion imaging shows that the Court found sufficient evidence that [defendant] is one of the actual shooters. As an actual shooter, he's not qualified or eligible for relief." Defense counsel submitted on her objection. The court noted that section 1170.95 "only applies to . . . the use of the natural and probable consequences doctrine, a person would be the actual shooter, and I reviewed these records, and, again, that the jury undoubtedly found that he was one of the

4

shooters in the case" "Based on that fact, clearly, and at the very least, he's a major participant with a reckless indifference to human life. So based on the case law, I would dismiss the petition under [section] 1170.95 at this time."[3]

## II. DISCUSSION

Defendant contends he made a prima facie showing that the jury convicted him under a theory of the felony-murder rule or the natural and probable consequences doctrine such that he is entitled to relief under section 1170.95. We disagree.

"On September 30, 2018, . . . the Governor signed Senate Bill 1437. The legislation, which became effective on January 1, 2019, addresses certain aspects of California law regarding felony murder and the natural and probable consequences doctrine by amending . . . sections 188 and 189, as well as by adding . . . section 1170.95, which provides a procedure by which those convicted of murder can seek retroactive relief if the changes in law would affect their previously sustained convictions." (*People v. Martinez* (2019) 31 Cal.App.5th 719, 722-723.)

"Senate Bill 1437 was enacted to 'amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent

---

[3] The reporter's transcript reflects that the court dismissed the petition. The minute order indicates the court denied the petition. We shall direct the court to correct the minute order. (See *People v. Jones* (2012) 54 Cal.4th 1, 89 [The minute order "'does not control if different from the trial court's oral judgment and may not add to or modify the judgment it purports to digest or summarize.'"].) The reviewing court has the authority to correct clerical errors in the minute order. (*People v. Contreras* (2009) 177 Cal.App.4th 1296, 1300, fn. 3.)

to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.' [Citation.]  Substantively, Senate Bill 1437 accomplishes this by amending section 188, which defines malice, and section 189, which defines the degrees of murder, and as now amended, addresses felony murder liability.  Senate Bill 1437 also adds the aforementioned section 1170.95, which allows those 'convicted of felony murder or murder under a natural and probable consequences theory . . . [to] file a petition with the court that sentenced the petitioner to have the petitioner's murder conviction vacated and to be resentenced on any remaining counts . . . .'" (*People v. Martinez*, *supra*, 31 Cal.App.5th at p. 723.)

Here, by virtue of the instructions given, in order to convict defendant of first degree murder, the jury was required to find that he deliberately committed an act that caused the death of another person while having intended to kill.  (CALCRIM Nos. 520-521.)  Thus, the jury necessarily decided that defendant was the actual killer; the jury did not convict defendant pursuant to the felony-murder rule or the natural and probable consequences doctrine.  Therefore, defendant is not entitled to relief pursuant to section 1170.95, and the court properly dismissed the petition.

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the record for potential error and find no arguable issues.

6

### III.  DISPOSITION

The judgment is affirmed.  The court is directed to modify its February 28, 2020 minute order to reflect that the court dismissed, rather than denied, defendant's petition for resentencing.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS


McKINSTER
Acting P. J.

We concur:


MILLER
J.


FIELDS
J.

7